# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| DR. JAY JOSHI and NATIONAL PAIN CENTERS, LLC, | Case No. 1:18-cv-03490 |
| Plaintiffs, | |
| v. | **FIRST AMENED COMPLAINT** |
| AMERICAN DRUG STORES, INC. d/b/a OSCO DRUG and DOES 1-10, | **JURY DEMANDED** |
| Defendants. | |

Now come the Plaintiffs, DR. JAY JOSHI ("Joshi") and NATIONAL PAIN CENTERS, LLC ("NPC"), by and through their attorneys, and for their First Amended Complaint against the Defendants, AMERICAN DRUG STORES, INC. d/b/a OSCO DRUG ("ADS/Osco") and DOES 1-10, Plaintiffs allege and state as follows:

## PRELIMINARY STATEMENT

1. This is an action for damages, injunctive relief, and any other available legal or equitable remedies, for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq.*, resulting from the illegal actions of Defendants, in negligently, knowingly and/or willfully placing, through its agent(s), sales, solicitation and/or other telephone calls to Plaintiffs' "telephone facsimile machine" in violation of the TCPA, thereby causing Plaintiffs to incur the costs of receiving unsolicited advertisement messages via "telephone facsimile machines," interrupting Plaintiffs' business, and invading Plaintiffs' privacy. Plaintiffs allege as follows upon personal knowledge as to themselves and their own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by their attorneys.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction pursuant to 28 U.S.C. § 1331, as this civil action arises under a law of the United States, the TCPA.

3.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to this claim occurred in this District, Defendants regularly conduct business throughout this District, Plaintiff Joshi resides within this District, and Plaintiff NPC operates its business within this District.

## PARTIES

4.      Plaintiff Joshi is an individual who was at all times residing in Deer Park, Illinois.

5.      Plaintiff NPC is a limited liability company of the State of Illinois which has its principal place of business in Vernon Hills, Illinois.

6.      On information and belief, Defendant ADS/Osco is a corporation of the State of Illinois, which has its principal place of business in Boise, Idaho.

7.      On information and belief, at all times relevant hereto, Defendant ADS/Osco was engaged in the marketing and sale of pharmaceuticals, and other related goods and services, throughout the United States, including within the Northern District of Illinois.

8.      Plaintiffs are both a "person" as defined in 47 U.S.C. § 153(39).

9.      Defendant ADS/Osco is a "person" as defined in 47 U.S.C. § 153(39).

10.     The true names and capacities of the Defendants sued herein as DOES 1-10 are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Each of the Defendants designated herein as a Doe is legally responsible for the unlawful acts alleged herein. Plaintiffs will seek leave of Court to amend their complaint to reflect the true names and capacities of the Doe Defendants when such identities become known.

11.     Plaintiffs are informed and believe that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants. Plaintiffs are informed and believe that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

## FACTS COMMON TO ALL COUNTS

12.     During or about August of 2011, if not earlier, Defendant ADS/Osco began sending facsimile communications to Plaintiffs' facsimile telephone number, (847) 701-3300.

13.     The purpose of these facsimile communications was to solicit NPC, and its doctors, including Joshi, to write new prescriptions for their patients, thereby encouraging the sale of prescription drugs by ADS/Osco. A sample of one such facsimile transmission sent by ADS/Osco to Plaintiffs is attached hereto as Exhibit A.

14.     The prescriptions for which these facsimile communications were sent were originally written so as not to allow Plaintiffs' patients to obtain refills. The prescriptions were written in this manner for good reason, as many of them were written for controlled substances, including but not limited to dangerous opioid pain medications.

15.     On information and belief, the vast majority of these facsimile communications were sent without the respective patients having made requests for refills of their prescriptions.

16.     On information and belief, Defendants would send these facsimile communications without the respective patients having made requests for refills of their prescriptions in the hope that Plaintiffs would simply approve the refills, thereby increasing ADS/Osco's sales of prescription medications and its profits.

17. These facsimile communications have at times been sent by Defendants to Plaintiffs 20 times or more in a given day. On one occasion, Defendants sent 109 such facsimile communications to Plaintiffs in a single day.

18. Said facsimile communications constituted "telephone solicitations" as defined by the TCPA, 47 U.S.C. § 227(a)(4), as they were initiated by ADS/Osco for the purpose of encouraging the purchase of property, goods, or services, specifically prescription medications.

19. Said facsimile communications constituted "unsolicited advertisements" as defined by the TCPA, 47 U.S.C. § 227(a)(5), as they advertised the commercial availability or quality of property, goods, or services, specifically prescription medications, and they were transmitted to Plaintiffs without Plaintiffs' prior express invitation or permission.

20. Defendant ADS/Osco used a "telephone facsimile machine" as defined by 47 U.S.C. § 227(a)(3) to place its calls to Plaintiffs.

21. On information and belief, the facsimile transmissions at issue were sent to Plaintiffs from ADS/Osco's offices in Boise, Idaho.

22. Defendants' calls were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A).

23. Plaintiffs did not voluntarily communicate their facsimile telephone number directly to Defendants within the context of an "established business relationship," as defined in 47 CFR § 64.1200(f)(5).

24. Accordingly, Defendants never received Plaintiffs' "prior express consent" to receive calls using a telephone facsimile machine pursuant to 47 U.S.C. § 227(b)(1)(C).

25.     As a result of Defendants' acts and omissions outlined above, Plaintiffs have suffered concrete and particularized injuries and harm, which include, but are not limited to, the following:

a.      Invasion of privacy;

b.      Intrusion upon and occupation of the capacity of Plaintiffs' telephone lines;

c.      Wasting the time of Plaintiffs' doctors and other employees;

d.      Discouraging follow-up visits by Plaintiffs' patients, thereby reducing Plaintiffs' revenue;

e.      Increasing Plaintiffs' overhead costs (e.g. monitoring refills, refill requests, faxes, phone calls, etc.);

f.      Disrupting Plaintiffs' daily workflow;

g.      Increasing risk to Plaintiffs and their patients;

h.      Reducing Plaintiffs' ability to monitor their patients, which is the fundamental purpose of a medical practice; and

i.      Reducing Plaintiffs' patients' satisfaction due to confusion caused by the unsolicited refill requests.

26.     Defendants' facsimile telephone calls to Plaintiffs as describe above violated 47 U.S.C. § 227(b)(1)(C).

## COUNT I
## NEGLIGENT VIOLATIONS OF THE
## TELEPHONE CONSUMER PROTECTION ACT

27.     Plaintiffs incorporate all of the allegations and statements made in paragraphs 1 through 26 above as if reiterated herein.

5

28. The foregoing acts and omissions of Defendants constitute numerous and multiple negligent violations of the TCPA, including, but not limited to, each and every one of the above-cited provisions of 47 U.S.C. § 227, *et seq.*, including the implementing regulations of 47 C.F.R. 64.1200.

29. As a result of Defendants' negligent violations of 47 U.S.C. § 227, *et seq.*, Plaintiffs are entitled to an award of $500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(c)(5).

30. Plaintiffs are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## COUNT II
## KNOWING AND/OR WILLFUL VIOLATIONS OF THE
## TELEPHONE CONSUMER PROTECTION ACT

31. Plaintiffs incorporate all of the allegations and statements made in paragraphs 1 through 30 above as if reiterated herein.

32. The foregoing acts and omissions of Defendants constitute numerous and multiple knowing and/or willful violations of the TCPA, including, but not limited to, each and every one of the above-cited provisions of 47 U.S.C. § 227, *et seq.*, including the implementing regulations of 47 C.F.R. 64.1200.

33. As a result of Defendants' knowing and/or willful violations of 47 U.S.C. § 227, *et seq.*, Plaintiffs are entitled to an award of up to $1,500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(c)(5).

34. Plaintiffs are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

Wherefore, Plaintiffs pray for a judgment against Defendants as follows:

a.      Judgment against Defendants in the amount of $500.00 in statutory damages for each and every negligent violation of the TCPA by Defendants;

b.      Judgment against Defendants in an amount of up to $1,500.00 in statutory damages for each and every knowing and/or willful violation of the TCPA by Defendants;

c.      An order for injunctive relief prohibiting such conduct by Defendants in the future;

d.      Judgment against Defendants for Plaintiffs' court costs and other litigation costs; and

e.      Any other relief deemed just and proper by this Court.


## JURY DEMAND

Plaintiffs demand a trial by jury on all issues in this action which are so triable.


RESPECTFULLY SUBMITTED,

DR. JAY JOSHI and NATIONAL PAIN CENTERS, LLC

By:     /s/ David B. Levin
        Attorney for Plaintiffs
        Illinois Attorney No. 6212141
        Law Offices of Todd M. Friedman, P.C.
        333 Skokie Blvd., Suite 103
        Northbrook, IL 60062
        Phone: (224) 218-0882
        Fax: (866) 633-0228
        dlevin@toddflaw.com

7

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on July 9, 2018, a copy of the foregoing First Amended Complaint was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.

<u>/s/ David B. Levin</u>
Attorney for Plaintiff

# EXHIBIT A

#### **** Controlled Substance New Prescription Request ****

| | |
|---|---|
| **Prescriber:**    **JAYDEEP JOSHI, MD** | **Fax:** (847)701-3300 |
| 2260 W HIGGINS RD | HOFFMAN ESTATES, IL 60169-2432 |
| STE 101 | |
| Phone: (847)701-3250 | **DEA:** |
| **Patient:** | **DOB:** |

**Prior Rx:**

| | |
|---|---|
| **Dispensed:** LYRICA 25MG CAPSULE | **By:** PFZER |
| **Refills Remaining:** 0 | **Qty:** 90 |
| **Rx Written Date:** 03/02/2017 | **Last Fill Date:** 03/02/2017 |
| | **DAW:** 0 |
| **Prescribed:** LYRICA 25MG CAPSULE | **Qty:** 90 |
| **From:**    3476 Osco Drug | Rx Fax: **(847)255-2203** |
| 335 E. EUCLID AVE. | Voice Mail: **(847)255-6030** |
| MOUNT PROSPECT, IL 60056-0000 | Direct Line: **(847)255-6655** |

---

PRESCRIBER:    COMPLETE A WRITTEN PRESCRIPTION IN THE AREA BELOW AND FAX BACK TO OUR PHARMACY
- OR - CALL THE PHARMACY TO VERBALLY AUTHORIZE
- OR - IF YOU ARE CERTIFIED, SEND A NEW ELECTRONIC PRESCRIPTION (WHERE ALLOWED)

**Patient Name:** _____    **Date Written:**_____

**Address:** _____    **Date of Birth:**_____

**Rx:**                                                     **Qty:**

**SIG:**

**Signature:**    _____        _____
                   MAY SUBSTITUTE                       DISPENSE AS WRITTEN

**DEA#:**    _____        **Refills:**_____

** PURSUANT TO 21. C.F.R 1306.04(a) AND 1306.05 (f) OF THE FEDERAL CONTROLLED SUBSTANCES ACT, THE DEA HAS INDICATED THAT A PHARMACY CANNOT PREPARE ANY PORTION OF A CONTROLLED SUBSTANCE PRESCRIPTON FOR AUTHORIZATION RENEWAL. THIS CAN ONLY BE PREPARED FOR SIGNATURE BY AN AUTHORIZED AGENT OF THE PRESCRIBER. ALL ELEMENTS OF A NEW PRESCRIPTION MUST BE INCLUDED: PATIENT NAME, DATE OF BIRTH, ADDRESS, DATE WRITTEN, DRUG, SIG, QUANTITY, PRESCRIBER SIGNATURE, AND DEA NUMBER. **