UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DR. JAY JOSHI and NATIONAL PAIN CENTERS, LLC,<br><br>    Plaintiffs,<br><br>v.<br><br>AMERICAN DRUG STORES, INC. d/b/a OSCO DRUG and DOES 1-10,<br><br>    Defendants. | Case No. 1:18-cv-03490<br><br>**DECLARATION OF JAY JOSHI**<br><br>Honorable Judge Manish S. Shah<br><br>Hon. Magistrate Judge Sheila Finnegan |

I, Dr. Jay Joshi, hereby attest as follows:

1. I am one of the Plaintiffs in this case and if called to testify in this matter, I could competently attest to the facts set forth in this Declaration.

2. I am the Managing Member of Plaintiff National Pain Centers, LLC.

3. It is my policy in my medical practice that I will not renew my patients' prescription medications without an office visit from the patient.

4. It is also my policy in my medical practice not to approve refills of prescription medications based upon fax requests from pharmacies.

5. I communicate to all of my patients that they need to contact my office if they desire a renewal of an expired prescription.

6. I also communicate to all of my patients that I will not approve renewals or refills of prescription medications based upon fax requests from pharmacies.

7. I adopted these policies for a number of medical, safety, and legal reasons which include, but are not limited to, the following:

    a. It is my desire to reassess my patients for possible side effects before prescribing or renewing any medications, and to discuss possible non-medication options with them.

    b. Pharmacies sometimes change the medication suggested in the fax request from the name-brand medication I originally prescribed to an unacceptable generic substitute or change generic manufacturers randomly every month.

    c. Refilling controlled substances, especially opioid medications, without seeing the patient in an office visit is not what I believe to be the proper standard of care and could be construed as illegal distribution of a controlled substance.

  8. Pharmacies dispense prescription medications for profit. A sale of prescription medication cannot be made to one of my patients without my written approval. It is therefore my belief that faxes such as the one attached as Exhibit A to my First Amended Complaint are advertising the commercial availability or quality of property, goods, and/or services.

  9. If I, or any other doctor, completes the form on a pharmacy's fax request and sends it back to them, that will facilitate the sale of the medication from the pharmacy to the patient.

  10. I have notified Defendant American Drug Stores, Inc. d/b/a Osco Drug ("Osco") by phone many times over the last several years to stop sending fax prescription refill requests to my office, but Osco continued to send the faxes regardless.

  11. National Pain Centers, LLC and I have received prescription refill request faxes from Osco, requesting my consent to refill prescriptions for patients who did not request the refills from Osco.

12. Receipt of prescription refill request faxes from Osco and other pharmacies causes a significant waste of both staff and physician time and resources within our offices.

13. I declare under penalty of perjury and pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct.

Executed on July 30, 2018.

_____
Dr. Jay Joshi