# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| DR. JAY JOSHI and NATIONAL PAIN CENTERS, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> AMERICAN DRUG STORES, INC. d/b/a OSCO DRUG and DOES 1-10, <br><br> Defendants. | Case No. 1:18-cv-03490 <br><br> **DECLARATION OF DAVID B. LEVIN** <br><br> Honorable Judge Manish S. Shah <br><br> Hon. Magistrate Judge Sheila Finnegan |

I, David B. Levin, hereby attest as follows:

1. I am one of the attorneys representing Plaintiffs in this case and if called to testify in this matter, I could competently attest to the facts set forth in this Declaration.

2. I am member of the law firm of Law Offices of Todd M. Friedman, P.C.

3. Prior to the filing of Plaintiffs' Complaint, I discussed the underlying facts of this case extensively with my client, Dr. Jay Joshi.

4. Prior to the filing of Plaintiffs' Complaint, I also reviewed the relevant statutory and regulatory provisions of the Telephone Consumer Protection Act ("TCPA"), and relevant supporting FCC opinions, regarding the sending of unsolicited advertisements via fax transmission.

5. Prior to the filing of Plaintiffs' Complaint, I also conducted caselaw research on the issue of whether the fax transmissions at issue in this case could arguably constitute "advertisements" under the TCPA.

6. Prior to the filing of Plaintiffs' Complaint, I reached the conclusion that Plaintiffs' claim that the fax transmissions at issue in this case constitute "advertisements" under the TCPA was warranted by existing law.

7. It does appear that Plaintiffs' contentions regarding the specific faxes at issue constituting "advertisements" under the TCPA is likely one of first impression. Understanding that this is an issue about which there could be differing opinions, I believed when the Complaint was filed – and I still believe – that at a minimum, Plaintiffs' claims are warranted by a nonfrivolous argument for extending or modifying existing law or for establishing new law.

8. Prior to the filing of Plaintiffs' Complaint, I also reached the conclusion, based upon consultation with Dr. Joshi, that this lawsuit was not being filed for any improper purpose.

9. Prior to the filing of Plaintiffs' Complaint, I also reached the conclusion, based upon consultation with Dr. Joshi, that each of the factual contentions raised by Plaintiffs in this case have evidentiary support or will likely have evidentiary support after a reasonable opportunity for further investigation and discovery.

10. The filing of Plaintiffs' First Amended Complaint did not change any of my conclusions or opinions as set forth above.

11. I declare under penalty of perjury and pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct.

Executed on July 30, 2018.

_____
David B. Levin